OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to suppress should be granted and the indictment dismissed.
The officer who frisked defendant and took a pistol from the area of her waistband had received a radio report of an anonymous 911 calf in which the informant stated that he had seen a woman in a blue car with a white top parked in front of 123 West 112th Street pass a handgun to a man seated in the car with her. Finding defendant in a car meeting the description and the specific location indicated by the informant provided reasonable suspicion that a crime had occurred or was about to occur and warranted the officer’s request that she step out of the car for inquiry (Pennsylvania v Mimms, 434 US 106; People v Landy, 59 NY2d 369, 376).
*695 It did not, however, justify the frisk. A frisk requires reliable knowledge of facts providing reasonable basis for suspecting that the individual to be subjected to that intrusion is armed and may be dangerous (People v Carney, 58 NY2d 51; People v Benjamin, 51 NY2d 267). Here, there was no such predicate either in the information received, which indicated that defendant had given a gun to the man but provided no basis for inferring that she had another or that it had been returned to her, or in what occurred during the officer’s encounter with defendant. No inquiry was made of defendant so she neither refused to answer nor answered evasively (see People v Klass, 55 NY2d 821); no suspicious bulge was perceived in her clothing (cf. People v De Bour, 40 NY2d 210, 213); no furtive movements were made by her (see People v Benjamin, 51 NY2d 267, supra); her appearance and movements were not concealed by darkness (see People v McLaurin, 43 NY2d 902, revg on dissent 56 AD2d 80, 84). Bearing in mind the weakness of information received from an anonymous source (People v De Bour, 40 NY2d 210, 224, supra; cf. People v Moore, 32 NY2d 67, cert den 414 US 1011), we conclude that the fact that the car was of the described colors and in the specified location authorized the officer to address investigative inquiries to its woman occupant but not to frisk her.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.