◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN HERNANDEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Heller, J.), dated March 29, 1985, which, after a hearing, granted the defendant's motion to suppress evidence.

Ordered that the order is reversed, on the law and the facts, the defendant's motion to suppress is denied, and matter remitted to the Supreme Court, Kings County, for further proceedings.

The defendant was charged with criminal possession of a weapon in the third degree, and a hearing was held on his motion to suppress certain evidence. At the hearing, Police Officer Riley testified that at 10:55 P.M. on October 8, 1984, he and his partner were flagged down by an unidentified Hispanic woman. She told the officers that an armed male Hispanic was dealing drugs out of a maroon car about a half block away. The woman pointed the car out to the officers, but then left the scene.

The officers approached the vehicle to investigate. A pedestrian who had been speaking to the defendant, who was the vehicle's driver and sole occupant, walked away, and the defendant started the car and began to pull away from the curb. The officers followed and stopped him, however, and Officer Riley exited his vehicle to question the defendant. As he approached, Riley saw the defendant lean over towards the passenger side of the vehicle. The officer asked the defendant for his license and registration, and directed him to step out of the car; he then turned his flashlight into the car and saw a gun on the floor of the passenger side.

Based on the above testimony, the Supreme Court, Kings County, granted the defendant's motion to suppress, on the ground that the police were not possessed of information sufficient to provide the basis for a stop. We disagree and reverse.

The information given to the police by the unidentified woman was sufficient to justify the police attempt to stop and question the defendant *(see, People v Russ,* 61 NY2d 693, 694). As the initial stop was therefore lawful, the subsequent direction that the defendant exit the vehicle was also proper,

particularly in light of the defendant's movements in the car at the officer's approach *(see, People v Russ, supra; Pennsylvania v Mimms,* 434 US 106; *People v Landy,* 59 NY2d 369, 376; *People v Benjamin,* 51 NY2d 267, 271). Further, shining the flashlight into the car was not an unreasonable intrusion as the contents of the car were in plain view, but for the dark *(People v Cruz,* 34 NY2d 362, 370; *People v Duncan,* 75 AD2d 823, 824). The defendant's motion to suppress must, therefore, be denied, and the case remitted to the Supreme Court, Kings County, for further proceedings. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.