■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS REYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 6, 1985, convicting him of burglary in the third degree, criminal possession of stolen property in the third degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court's denial of the defendant's motion to suppress the items seized from his person should not be overturned *(see, People v Prochilo,* 41 NY2d 759; *People v Gee,* 104 AD2d 561). That determination was supported by the record, which established that the stop and frisk of the defen-

dant at the scene of the crime was founded upon a reasonable suspicion that he had committed the crime and that he was armed and could be dangerous *(see, People v Benjamin,* 51 NY2d 267; *People v Russ,* 61 NY2d 693).

To sustain a conviction based on circumstantial evidence, the facts from which the inference of the defendant's guilt is drawn must be established with certainty, be inconsistent with his innocence, and exclude to a moral certainty every hypothesis other than guilt *(see, People v Way,* 59 NY2d 361; *People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635, 656). The evidence at trial established that the defendant was observed outside of the burglarized warehouse after the crime had been reported and that he was discovered with property that belonged to the corporation which owned the warehouse. In addition, a sneaker print was found inside the warehouse which matched the sneaker worn by the defendant. Under these circumstances there can be no doubt that the defendant was guilty of burglary in the third degree and the facts from which the inference of the defendant's guilt was drawn were established with certainty, were inconsistent with his innocence, and excluded to a moral certainty every hypothesis other than guilt.

Furthermore, contrary to the defendant's contention, the evidence sufficiently established that the corporation had a superior right of possession to the property found on the defendant *(see,* Penal Law § 155.00 [5]). As such, his convictions for petit larceny and criminal possession of stolen property in the third degree were supported by legally sufficient evidence. Furthermore, upon the exercise of our factual review power, we find that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the sentence imposed was neither harsh nor excessive. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.