■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERON STOKES, Respondent.—Order unanimously affirmed. Memorandum: Even if the police properly stopped defendant for a traffic infraction, the information which they had did not justify the frisk which resulted in the discovery of cocaine on defendant's person. At most the police knew that two days earlier a reliable informant had reported that drug dealing was occurring from the vehicle defendant had been driving and had just exited and that a handgun was in the vehicle. The only description of the people involved was that they were black males, and there was no information that a gun was on anyone's person. Defendant was stopped after he had exited the vehicle, which was parked in a neighborhood some distance from the location the reliable informant had given. His conduct was not furtive, evasive, or threatening in any way, nor did the police observe any suspicious bulge in his clothing. The information the police had did not give them a reasonable basis for suspecting that defendant was armed and dangerous (see, People v Russ, 61 NY2d 693). Thus, the hearing court correctly suppressed the cocaine that was found. (Appeal from order of Monroe County Court, Connell, J.— suppression.) Present—Callahan, J. P., Denman, Boomer, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WALKER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal, defendant asserts that oral and written inculpatory statements made to the police officers should have been suppressed and that prosecutorial misconduct deprived him of a fair trial. Those claimed errors were not preserved for review (see, CPL 470.05 [2]), and we find no reason to exercise our discretion to reach them in the interest of justice (see, People v Thomas, 50 NY2d 467, 471, 473; see also, People v Reed, 110 AD2d 1073). Were we to reach those issues, we would find them to be without merit. (Appeal from judgment of Jefferson County Court, Aylward, J. —arson, second degree, and other charges.) Present—Callahan, J. P., Denman, Boomer, Pine and Davis, JJ.