■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO GONZALEZ, Appellant. [743 NYS2d 112] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered April 4, 2000, convicting defendant, on his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously reversed, on the law and the facts, defendant's motion to suppress physical evidence granted, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

On the evening of August 2, 1999, the police received a radio transmission of "drug sales" in front of 174 East 110th Street at Third Avenue and a description of a male Hispanic who was carrying an orange shirt over his shoulder and possibly wearing khaki pants. After responding, the officers found no one matching the description. After circling the block, the officers spotted defendant, who was wearing khaki pants and had an orange shirt draped over his shoulder. The officers did not notice defendant doing anything related to selling drugs. The officers pulled up and asked defendant if they could speak to him. Defendant fled, and an officer grabbed him, took him to the ground, and began searching his leg and waist area for a weapon. Both officers then frisked defendant's trouser pockets simultaneously and recovered a cigarette box containing 32 glassines of heroin and $700 in cash. Defendant did not possess a gun or other weapon.

Defendant moved to suppress the drugs and money. At the hearing, the arresting officer testified that she conducted the pat-down frisk for weapons solely on her belief that "when [a defendant] run[s] like that it's usually because [he has] a weapon." After the court denied defendant's motion, he pleaded guilty.

It is well settled that a frisk is permissible only if the police

possess a particularized reasonable suspicion that the suspect "is armed and may be dangerous" (*People v Russ*, 61 NY2d 693, 695). While "[f]light, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit" (*People v Holmes*, 81 NY2d 1056, 1058), the predicate for a pursuit and stop is insufficient to support the greater intrusion of a frisk (*People v Russ, supra*, 61 NY2d at 695).

Here, the arresting officer offered no independent, particularized reason to believe that defendant was armed and dangerous, other than her own subjective belief, unsupported by any proof, that defendants who run usually have a gun. The radio broadcast did not indicate that the suspect was armed or that the officers had any reason to fear for their safety. Nor did the arresting officer observe any type of bulge on defendant.

As the arresting officer had no basis to frisk defendant, the motion to suppress the physical evidence seized from his person should have been granted (*see, People v Rainey*, 228 AD2d 285, *lv denied* 88 NY2d 1023). Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Marlow, JJ.