■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FORREST, Appellant. [909 NYS2d 61]—

Judgment, Supreme Court, New York County (Herbert Adlerberg, J.H.O., at hearing; John Cataldo, J., at plea; Thomas Farber, J., at sentence), rendered August 25, 2009, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously reversed, on the law and the facts, defendant's suppression motion granted, and the indictment dismissed.

It is well settled that a frisk is permissible only if the police possess a particularized reasonable suspicion that the suspect

"is armed and may be dangerous" (*People v Russ,* 61 NY2d 693, 695 [1984]). Although he did not see a transaction, an officer observed signs of drug trafficking in an area known for such activity that provided a founded suspicion that defendant had bought drugs in a supermarket. After receiving a radio communication from the observing officer, the arresting officer asked defendant where he was coming from. Although the officer concluded that the answer defendant gave was a lie, its truth or falsity was not apparent. Neither defendant's answer nor his silence when the officer asked him whether he was armed provided a sufficient predicate for a frisk (*see People v Banks,* 85 NY2d 558, 562 [1995]; *People v Gonzalez,* 295 AD2d 183 [2002]). Accordingly, the suppression motion is granted. Concur—Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ.