■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SIPES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 18, 1975, convicting him of attempted possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated May 27, 1975, which denied defendant's motion to suppress physical evidence. Judgment and order reversed, on the law and the facts, motion to suppress granted, and indictment dismissed. On January 22, 1975, at about 3:35 P.M., police officers heard on police radio a report of a robbery which had occurred five minutes before some 18 blocks away. As they started toward the robbery scene, they observed two persons, one of whom (not the defendant) fit a description which appears in the complaint report of the robbery. On stopping and frisking the defendant, he was found to be in possession of brass knuckles; he was arrested and later indicted for such possession. The record here does not support the finding of Criminal Term that the two persons increased their pace on seeing the officers. Nor does the testimony of the arresting officer supply sufficient predicate for the precipitate frisk (see *People v Figueroa,* 58 AD2d 655). Hopkins, J. P., Margett and Hawkins, JJ., concur; Latham, J., dissents and votes to affirm the judgment and order, with the following memorandum, in which Suozzi, J., concurs: In my opinion the broadcast of "an armed holdup", the matching of the description in the second broadcast with the defendant's companion, and the closeness in time and location to the crime, when taken together, gave the officers reasonable suspicion to stop and frisk.