■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ST. CLAIR, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered September 28, 1979, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree. As a result of an incident which occurred on Central Avenue in the City of Albany at approximately 2:00 A.M. on December 8, 1978, wherein the police discovered a switchblade knife in defendant's rear right pants pocket, defendant was indicted for the crime of criminal possession of a weapon in the third degree, a class D felony (Penal Law, § 265.02, subd [1]). There followed a suppression hearing at which defendant's motions to suppress the switchblade as the fruit of an illegal and unconstitutional search and to suppress his postarrest statements as having been given without his knowing and intelligent waiver of his *Miranda* rights were denied. Defendant was then tried and convicted by jury verdict of criminal possession of a weapon in the third degree, and he was sentenced as a predicate felon to an indeterminate term of imprisonment of two and one-half to five years. On this appeal, defendant initially argues that his conviction should be reversed because the switchblade, which was the basis therefor, was obtained by an unlawful and constitutional frisk of his person. We agree. The incident on December 8, 1978, commenced when two police officers in a patrol vehicle observed defendant and another man exiting from a bar in a noisy and boisterous manner and defendant shattering a beer bottle by tossing it to the pavement. The officers approached defendant and the other man and asked that the two men stop and speak with them at which point defendant did stop near the police vehicle, but the other man bolted with one of the officers in hot pursuit. During the subsequent chase of approximately 100 feet, the fleeing man discarded what was discovered to be a switchblade and he was quickly apprehended. When he was returned to the police vehicle, defendant, who was still standing near by, was immediately ordered to place his

hands on the vehicle. A frisk of defendant's person then revealed the switchblade in his rear pocket, and he was arrested and ultimately convicted as noted above. In our judgment, consideration of these uncontested facts mandates a ruling that the frisk of defendant was improper. At most, defendant's conduct prior to the search constituted disorderly conduct (Penal Law, § 240.20), a violation which is insufficient to warrant such a frisk (see CPL 140.50, subd 1). Moreover, defendant's conduct once he was approached by the police was co-operative and in no way threatening. Certainly the conduct of the second man, who exited the bar and who, for all that the police knew, may have been unknown to defendant, did not justify the search of defendant (cf. *People v Sanchez,* 38 NY2d 72; *People v Sipes,* 59 AD2d 789; *People v Trapier,* 47 AD2d 481). It is also significant that the officer who searched defendant testified that he was not in fear of his life during the incident, and there is absent from the record any evidence that the officers were fearful of being physically harmed (see CPL 140.50, subd 3). Under these circumstances, we must conclude that the frisk of defendant violated his constitutional and statutory rights and that the court erred in failing to suppress the switchblade which was discovered as a result of the search. Accordingly, defendant's conviction must be reversed and the indictment against him dismissed. We need reach no other issue. Judgment reversed, on the law, and indictment dismissed. Main, J.P., Casey and Weiss, JJ., concur; Yesawich, Jr., J., dissents and votes to affirm, Herlihy, J., dissents and votes to affirm in the following memorandum:

Herlihy, J. (dissenting). Under the exigent circumstances presented, the police were justified in stopping defendant and his companion and that being so, as a matter of self protection, they were justified in conducting the "pat down" which resulted in discovery of the switchblade knife. A limited pat down and investigation of suspicious bulges for weapons are permissible under the facts and circumstances of this case evidencing guilty conduct. (See *People v Benjamin,* 51 NY2d 267; *People v Spivey,* 46 NY2d 1014; *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106.) The judgment should be affirmed.