■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO N. PADRON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 5, 1985, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted for criminal possession of a controlled substance in the second degree, a class A-II felony. After denial of his suppression motion, defendant entered a plea of guilty to criminal possession of a controlled substance in the third degree, a class B felony, and was sentenced to an indeterminate term of 4 to 12 years' imprisonment.

On this appeal, defendant first argues that his motion for suppression was improperly denied. The controlled substance and certain statements of defendant were obtained under the following circumstances. At about 5:20 P.M. on March 29, 1985, a State Police officer saw defendant's vehicle parked, with defendant in the driver's seat, at the toll booths at exit 24 of the State Thruway. The vehicle had a New York registration and inspection sticker on its windshield, but the front license plate was missing and the rear plate was from Florida. The trooper drove to the rear of the vehicle and approached its driver's side, asking defendant, its only occupant, for his license and registration. Defendant produced a Florida driver's license and a New York vehicle registration card issued to an April Dann. When the trooper requested a

Florida registration, defendant said that he could not find it and could not explain the difference between the stickers and the plate on the car. The trooper testified that he, therefore, believed the vehicle to have been stolen. While this conversation was taking place, defendant repeatedly reached toward his right-hand jacket pocket, which the trooper stated made him suspicious that defendant was reaching for a weapon, thus putting the trooper in fear of his own safety. After requesting defendant to exit the vehicle, the trooper patted him down and felt a hard object, which the trooper removed, in the right pocket of defendant's jacket. The hard object was a white substance contained in a plastic "baggie", which the trooper tentatively identified as cocaine. Defendant was then arrested.

The trooper had reasonable ground for suspecting that he was in danger based upon defendant's repeatedly reaching toward his right jacket pocket (see, People v Stewart, 41 NY2d 65). Ordering defendant from the vehicle and "patting" him down, to protect the trooper's safety, and seizing the cocaine in the manner described were reasonable in the circumstances. The frisk was essential to the investigation, for without it the answer to the police officer may have been a bullet (see, Terry v Ohio, 392 US 1, 8).

Defendant's second claim is that his sentence is unduly harsh. In this regard, defendant was permitted to plead to criminal possession of a controlled substance in the third degree, a lesser charge. Defendant could have received 8⅓ to 25 years in prison for this crime (Penal Law § 70.00 [2] [b]; [3] [b]). Considering that the powder weighed 97.09 grams and was, therefore, a substantial quantity, the seriousness of defendant's crime amply supported the sentence imposed. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.