■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE OWENS, Appellant. [615 NYS2d 1] —Judgment of the Supreme Court, New York County (Harold Rothwax, J., at suppression hearing; Brenda Soloff, J., at plea and sentence), rendered on August 7, 1992, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18), and sentencing him as a second felony offender to an indeterminate term of imprisonment of 6 years to life, is unanimously reversed, on the law, and the motion to suppress physical evidence and statements is granted, and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the imple-

mentation of CPL 160.50 as in the interest of justice is required.

Appellant was arrested soon after boarding a bus at the Port Authority bus terminal. The arresting officer, Detective Nafey, testified that he observed appellant approach the bus shortly before departure time and look over his shoulder repeatedly, look out the boarding gate windows at the platform, and act "nervously" when he made eye contact with the detective who was standing behind the ticket agent at the entrance to the platform. Detective Nafey followed appellant onto the bus, identified himself, and asked appellant if he would talk with him. Appellant agreed. The detective asked him why he was so nervous. Appellant replied that he was not nervous. Detective Nafey asked him where he was going and if he had any baggage. Appellant responded that he was going home to Baltimore and showed him his ticket. Detective Nafey testified that during this exchange, appellant fidgeted in his seat, moving his hands constantly, and appeared to be sweating profusely and the bus was cool. Detective Nafey then explained that he was part of a narcotics interdiction team and asked if he could search his bag. Appellant consented. Detective Nafey opened it and found a bag of crack cocaine inside.

At the combined *Dunaway, Mapp,* and *Huntley* hearing, the court denied the defense motion to suppress. We reverse, and hold that Detective Nafey violated appellant's Fourth Amendment rights when he went beyond merely requesting information and asked to search the bag without the required founded suspicion that criminal activity was afoot *(see, People v Hollman,* 79 NY2d 181).

The facts of this case are strikingly similar to the facts in *People v Saunders* (79 NY2d 181), the companion case to *People v Hollman.* In *Saunders,* as here, the police testimony of observing "nervous," drug courier profile behavior such as looking over one's shoulder in the bus terminal, scanning the interior of the boarding area, and acting hesitantly upon making eye contact with a detective does not provide a sufficient predicate to elevate a police initiated investigation beyond a request for information to the second level of common law inquiry. Such subjective evaluations as "nervousness," "furtiveness," "fidgeting," or hesitancy upon making eye contact simply are not sufficient to justify a request to search luggage in a bus terminal *(see, People v Irizarry,* 79 NY2d 890).

Motion for reargument is granted, and upon reargument, the unpublished prior decision and order of this Court entered on May 26, 1994 is recalled and vacated and a new decision and order substituted therefor. Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.