■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK NICHOLS, Appellant. [672 NYS2d 326] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered August 18, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a prison term of five years, unanimously affirmed. The matter is remanded to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Defendant's suppression motion was properly denied. The officer's direction to defendant to place his hands on the wall so she could conduct a ' limited pat down for weapons was prompted by more than just defendant's commission of a violation (*compare, People v St. Clair*, 54 NY2d 900, *affg* 80 AD2d 691). Rather, the combination of factors present here bring this case within the parameters of *People v King* (65 NY2d 702, 703), which permits a frisk following commission of a violation where the defendant exhibited "uncooperative and suspicious conduct".

Defendant was uncooperative, he refused to answer the officer's inquiries and his conduct was extremely suspicious.

Upon merely being detained for a simple violation, the agitation and nervousness he exhibited was so severe, involving uncontrollable shaking and trembling, that when combined with his failure to answer the officer's inquiry, the officer possessed a reasonable basis for believing that the defendant might be armed. While nervous behavior does not alone provide grounds for a search in circumstances where the police merely *suspect* criminal activity such as drug trafficking (*see, e.g., People v Owens*, 206 AD2d 303; *People v Boyd*, 188 AD2d 239), here defendant was already legitimately stopped for a violation (Administrative Code of City of NY § 10-125), and the intrusion was limited to a weapons pat down.

Defendant's admission of his possession of a weapon prior to the officer's conducting the intended pat down, and the officer's immediate retrieval of the weapon from his pocket, provided probable cause for his arrest. Concur—Milonas, J. P., Ellerin, Tom, Mazzarelli and Saxe, JJ.