■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVE M. SILER, Appellant. [733 NYS2d 501] —Mugglin, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered June 30, 1999, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

Asserting that reversible error occurred at every stage from arrest to sentencing, defendant appeals from his convictions and concurrent sentences of 25 years to life for murder in the second degree and 15 years for criminal possession of a weapon in the second degree.

Defendant's first argument is that the handgun should have been suppressed as its discovery resulted from a pretextual traffic stop and a constitutionally infirm unreasonable search and seizure. "The touchstone of any analysis of a governmental invasion of a citizen's person under the 'Fourth Amendment and the constitutional analogue of New York State is reasonableness' " (*People v Batista,* 88 NY2d 650, 653, quoting *People v Chestnut,* 51 NY2d 14, 22, n 7, *cert denied* 449 US 1018; *see, People v Moore,* 32 NY2d 67, 69, *cert denied* 414 US 1011). To determine whether the search and seizure were "reasonable," this Court's inquiry is a dual one—"whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place" (*Terry v Ohio,* 392 US 1, 19-20; *see, People v De Bour,* 40 NY2d 210, 222).

Here, two Albany police officers on patrol observed a vehicle make a sudden stop, back up and speed away. They followed to ascertain if illegal activity was occurring and, during this time, observed the operator take apparent evasive action by, *inter alia,* running a red light and driving the wrong way on a one-way street. In the course of attempting to follow the vehicle, the officers discovered that the driver had stopped the vehicle at curbside—because of an apparent tire blowout—and the

driver and two other occupants were exiting the vehicle. When ordered to stop, the driver fled while defendant and the other occupant obeyed the instruction. One officer pursued the driver and the other did a pat frisk of defendant during which he discovered the handgun.

A traffic stop is pretextual when a traffic infraction is used as a ruse to stop a person so the police may investigate an entirely unrelated crime (*see, People v Young*, 241 AD2d 690). Here, the record lends no support to defendant's claim of a pretextual stop. Clearly, the officers established that the traffic infractions which they observed formed the sole basis for their approach of the occupants of the vehicle after it had stopped. Insofar as the frisk is concerned, it is well settled that a "pat down" search of the outer clothing of a suspect is a reasonable and constitutionally permissible precaution so long as the officer, as a precursor, observes facts and circumstances which give rise to a reasonable suspicion that the person is armed or poses a threat to his safety (*see, People v Batista*, 88 NY2d 650, 653-654, *supra*). Under the circumstances presented herein, we find that the police officer, confronting two persons on a street late at night who are backing away from him, had adequate reason to be concerned for his safety and, thus, the pat-down search was justified. Therefore, no grounds existed for the suppression of the weapon.

Defendant next argues that as the gun was obtained in violation of his Fourth Amendment rights, his arrest was illegal and the statements he made thereafter to the police were "fruit of the poisonous tree" (*Wong Sun v United States*, 371 US 471, 488; *see, Dunaway v New York*, 442 US 200; *People v Clark*, 133 AD2d 955) and should have been suppressed. Since we find no error in the stop and frisk, we find no error in defendant's arrest for possession of a weapon. At that point, the officer possessed reasonable cause to believe that a crime had been committed and that the person being arrested was the one who committed the crime (*see*, CPL 140.10; *see also*, *People v Malinsky*, 15 NY2d 86). We therefore find no error in County Court's refusal to suppress defendant's statement.

We next address defendant's arguments that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. In determining the sufficiency of the evidence, we view the evidence presented in the light most favorable to the prosecution and determine whether any rational, reasonable juror could have been satisfied that each and every element of the crime charged was established beyond a reasonable doubt (*see, People v Contes*, 60 NY2d 620,

621; *see also, People v Williams*, 84 NY2d 925, 926). Defendant's argument is premised specifically on his statement that the gun accidentally discharged while he and the victim were wrestling, so there is insufficient evidence of intent to kill. We reject this narrow view of the evidence. The record reveals that defendant purchased the gun on the same day that it was used to kill the victim. As the result of defects in the weapon, the gun had to be loaded one round at a time and the safety released before it could be fired. Moreover, defendant crossed the street to confront the victim and possession of the weapon is presumptive evidence of intent to use it unlawfully against another. Under such circumstances, there is sufficient evidence to support a finding that defendant obtained the weapon, loaded it and confronted the victim with the specific intent to kill him. This conclusion finds further support from defendant's admission to his companions, made soon after the event, that he had shot the victim.

In assessing the weight of the evidence, we are required to review the record to determine whether a different result would not have been unreasonable and, if so, we are required to weigh the probative value and relative strength of the conflicting testimony and inferences to be drawn therefrom (*see, People v Bleakley*, 69 NY2d 490, 495; *People v White*, 261 AD2d 653, 656, *lv denied* 93 NY2d 1029). A verdict may be said to be against the weight of the evidence only if it appears that the trier of fact failed to give the evidence the weight that it should have been accorded (*see, People v Bleakley, supra*, at 495). While it does not appear that a different result would have been unreasonable, we are convinced that the evidence as a whole and the inferences to be drawn therefrom are of sufficient strength to support the jury's finding of guilty.

Defendant next assigns error to County Court's *Sandoval* ruling which permitted the People, in the event that defendant testified, to cross-examine him concerning a prior conviction for criminal possession of a controlled substance in the fifth degree, his subsequent probation violation and his resulting sentence, but not the underlying facts of that crime. Our review of the record results in the conclusion that defendant failed to establish that the prejudicial effect of the admission of this conviction outweighed its probative value (*see, People v Mackey*, 49 NY2d 274, 281-282) or that the court abused its discretion in allowing the use of such evidence (*see, People v Pavao*, 59 NY2d 282, 292).

We also reject defendant's claim that prosecutorial misconduct, which occurred in the District Attorney's opening state-

ment and summation, denied him a fair trial. Upon examining the record, we are convinced that no substantial prejudice to defendant's right to a fair trial occurred (*see, People v Galloway*, 54 NY2d 396, 401). Although certain of the prosecutor's remarks were inappropriate, defendant's objections thereto were promptly sustained by County Court and any prejudicial effect was thereby reduced or eliminated.

Defendant also argues that County Court erred by not giving an interested witness charge and by refusing to charge justification as a defense. Defendant did not request an interested witness charge and no objection to the charge given was made on this basis. Under these circumstances, this issue was not preserved for appellate review (*see, People v McKenzie*, 67 NY2d 695, 697). With respect to the refusal to charge justification as a defense, it is well settled that defendant is only entitled to this charge if it is established from the record that defendant not only reasonably believed that the victim was about to use deadly physical force against him but that he satisfied his duty to retreat or was under no such duty (*see, People v Watts*, 57 NY2d 299, 301). This record is devoid of any such evidence, so County Court properly declined defendant's request.

Defendant further contends that he was the victim of ineffective assistance of counsel since counsel failed to request an interested witness charge, failed to move for a mistrial as a result of County Court's failure to charge justification, and failed to seek a mistrial based on alleged prosecutorial misconduct. We have carefully examined the record and conclude that, given the totality of the circumstances, defendant's trial counsel provided meaningful representation, thereby meeting the constitutional standard (*see, People v Baldi*, 54 NY2d 137, 147; *People v English*, 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900). The defense was based largely upon the contention that the victim was killed by an accidental discharge of the weapon during a wrestling match, the only feasible and apparent defense in view of the evidence. Notably, defense counsel made numerous objections, both to real and demonstrative evidence, and vigorously represented defendant both at the pretrial hearings and throughout the trial.

We finally reject defendant's contention that his sentence was harsh and excessive. Under the circumstances herein and in view of the fact that the sentence imposed was within statutory parameters, we are unpersuaded (*see, People v Walker*, 266 AD2d 727, 728, *lv denied* 96 NY2d 909; *People v Morin*, 192 AD2d 791, 794, *lv denied* 81 NY2d 1077).

Cardona, P. J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.