■ The People of the State of New York, Respondent, v Jonathan D. Muniz, Appellant. [785 NYS2d 765]—

Kane, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered August 21, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was the passenger in a truck being driven by Louis Padilla. A police officer pulled the truck over because it was traveling at almost twice the speed limit. Neither defendant nor Padilla could produce any form of identification, but they both provided names and dates of birth and proffered a registration for the vehicle in the name of a third person. Defendant knew only the first name of the registered owner. When the officer attempted to verify their identities, the dispatcher informed him that Padilla had an extensive felony history including robberies and weapons possession, had an outstanding arrest warrant, and his license was suspended. A check of the name and date of birth provided by defendant revealed that there was a valid license issued in that name and that person had no outstanding arrest warrants. According to standard procedure based on Padilla's outstanding warrant, dispatch sent backup to assist the officer.

The officer arrested Padilla on the warrant and took him into custody. The first two backup officers to arrive noticed that defendant, still seated in the truck, was fidgeting, leaning over, moving his torso and arms, and appeared preoccupied with something in the truck. One officer approached the passenger door and asked defendant for identification. Based on defendant's actions in reaching around in the truck with his hands

out of the officer's sight, plus the officer's detection of the odor of marihuana, the officer ordered defendant out of the vehicle. The other backup officer commenced a pat-down frisk, but could not feel anything because of defendant's puffy down vest. At the officer's direction, defendant removed the vest and the officer continued the frisk. Upon patting defendant's left leg and slightly raising the pant leg to check for weapons in defendant's boot, a bag fell out of the right leg of defendant's pants, which had not yet been frisked. The bag contained what appeared to be, and ultimately tested positive as, cocaine. Defendant was arrested and charged with criminal possession of a controlled substance in the third degree. Following County Court's denial of defendant's suppression motion, he pleaded guilty and the court sentenced him to a term of 2 to 6 years in prison. We affirm.

County Court properly denied defendant's motion to suppress the cocaine. Factual determinations of the suppression court are entitled to great weight and will not be overturned unless clearly contrary to the evidence, taking into consideration the court's credibility determinations (*see People v Burns [Kidy],* 281 AD2d 704, 705 [2001], *lvs denied* 96 NY2d 826, 831 [2001]; *People v Burgess,* 241 AD2d 765, 767 [1997], *lv denied* 91 NY2d 870 [1997]). The parties agree that the police had the authority to stop the truck based on observations and radar readings confirming that Padilla was speeding (*see People v Ferraiolo,* 309 AD2d 981, 982 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Carter,* 199 AD2d 817, 819 [1993], *affd* 86 NY2d 721 [1995]). The officers were also justified in ordering defendant, a passenger in a lawfully stopped vehicle, to get out of the vehicle (*see People v Robinson,* 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]). While mere unusual or innocuous movements are insufficient to authorize officers to perform a pat down (*see People v Batista,* 88 NY2d 650, 655 [1996]), the officers here were authorized to pat down defendant for their safety based on their reasonable suspicion that he was armed or posed a safety threat (*see id.* at 653; *see also Terry v Ohio,* 392 US 1, 27 [1968]; *People v Siler,* 288 AD2d 625, 626 [2001], *lv denied* 97 NY2d 709 [2002]; *People v Crawford [Giles] [West],* 256 AD2d 719, 720 [1998], *lvs denied* 92 NY2d 1048, 1049, 1055 [1999]). The officers saw defendant leaning forward, fidgeting and moving his arms around in the truck, which had recently been occupied by Padilla, a man with an outstanding arrest warrant and a record of violent felonious behavior and weapons possession. One officer testified that defendant continued to fidget with his hands out of sight when he approached the truck (*see People v Maldonado,* 251 AD2d 48, 49 [1998]). Here, more than

mere proximity to Padilla justified the concern for officer safety (*see People v Williams,* 305 AD2d 804, 807 [2003]; *cf. People v Chinchillo,* 120 AD2d 266, 268-269 [1986]). The officer's request that defendant remove his vest was reasonable based on the bulkiness of that garment and the officer's inability to determine whether a weapon was being concealed. The officer's slight raising of defendant's pant leg to rule out the possibility of weapons hidden in his boot was likewise reasonable and not intrusive. Based on the record, we will not disturb the court's finding that gravity, rather than the officer's actions, was the most likely cause of the cocaine's movement from defendant's boxer shorts down his pant leg. Based on the facts and circumstances known at the time of the frisk, " 'a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger' " (*People v Crawford, supra* at 720, quoting *Terry v Ohio, supra* at 27).

Despite defendant's age of 20 years and his lack of a prior criminal record, his sentence of 2 to 6 years was not harsh or excessive considering that the statute authorizes a sentence of 8$^1/_3$ to 25 years for his possession of one-half ounce or more of cocaine (*see* Penal Law § 70.00 [2] [b]; [3] [b]; *People v Bell,* 290 AD2d 729 [2002]; *People v Garcia,* 278 AD2d 597 [2000], *lv denied* 96 NY2d 800 [2001]; *People v Padron,* 126 AD2d 932, 933 [1987], *lv denied* 69 NY2d 831 [1987]).

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).