■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL L. FUQUA, Appellant. [808 NYS2d 853]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered March 21, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). County Court properly refused to suppress cocaine seized from defendant as the result of a pat-down search conducted during a traffic stop. When defendant spread his legs in order to prepare for the search, a baggie of what appeared to be cocaine fell to the ground from one of the legs of defendant's pants. Defendant contends that the police officer lacked the requisite reasonable suspicion that defendant may have been armed and thus that the pat-down search was unlawful (*see generally People v Batista*, 88 NY2d 650, 653-654 [1996]). We reject that contention. In refusing to suppress the cocaine, the court was entitled to credit the testimony of the officer that he had arrested defendant on prior occasions, once for the illegal possession of a weapon; that defendant previously had been convicted of criminal possession of a weapon and resisting arrest; that he observed defendant bend over immediately after seeing the patrol vehicle, thus raising the officer's suspicion that defendant may have picked up or discarded something; that he had learned from an informant that a drug dealer who had been robbed had recently threatened to kill defendant; and that defendant's street name, "Blaze Off," related to defendant's propensity to use guns (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Based on that testimony, the court properly determined that the officer was "authorized to pat down defendant for [the officer's] safety based on [the officer's] reasonable suspicion that [defendant] was armed or posed a safety threat" (*People v Muniz*, 12 AD3d 937, 938 [2004]; *see People v Dunnigan*, 1 AD3d 930, 931-932 [2003], *lv denied* 1 NY3d 627 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.