■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD DRISCOLL, Appellant. [957 NYS2d 476]—

Rose, J.

To conduct a protective pat frisk, an officer "must have 'knowledge of some fact or circumstance that supports a reasonable suspicion that the suspect is armed or poses a threat to safety' " (*People v Caicedo*, 69 AD3d 954, 954 [2010], *lv denied* 14 NY3d 886 [2010], quoting *People v Batista*, 88 NY2d 650, 654 [1996]; *see People v Siler*, 288 AD2d 625, 626 [2001], *lv denied* 97 NY2d 709 [2002]). Here, in concluding that the officers were justified in conducting the frisk, County Court relied on the probable cause to arrest defendant for the noise violation, his parole status and the suspicious nature of his refusal to exit the vehicle. The cited factors, however, without more, do not justify the frisk, requiring suppression of the evidence.

First, this frisk was not authorized as incident to a lawful arrest for a noise violation given the absence of any evidence that the officers arrested defendant prior to frisking him (*see People v Howell*, 49 NY2d 778, 779 [1980]; *People v Hoffman*, 135 AD2d 299, 301 [1988]; *compare People ex rel. Johnson v New York State Div. of Parole*, 299 AD2d 832, 834 [2002], *lv denied* 99 NY2d 508 [2003] [where the search was incident to an announced and lawful arrest]). Next, while defendant's parole status may generally be considered as a relevant factor in determining the reasonableness of a search (*see People v Nelson*, 257 AD2d 765, 766 [1999], *lv denied* 93 NY2d 975 [1999]), there is no indication here that the frisk was related to his parole status (*see People v LaFontant*, 46 AD3d 840, 841 [2007], *lv denied* 10 NY3d 841 [2008]). It is true that the officers were aware of defendant's parole status and had been asked to detain him for questioning by the parole officer, but the parole officer did not conduct the frisk, request it or tell the officers he intended to conduct one (*see e.g. People v Porter*, 101 AD3d 44, 46-48 [2012]). Finally, although County Court determined that defendant's initial refusal to exit his vehicle was suspicious, there is no evidence of defendant's demeanor or the circumstances surrounding his refusal to exit the vehicle sufficient to support a conclusion that the officers had a reasonable suspicion

that defendant had a weapon or was a threat to their safety (*see People v Russ*, 61 NY2d 693, 695 [1984]; *People v Carney*, 58 NY2d 51, 54 [1982]; *People v Johnson*, 277 AD2d 875, 875 [2000], *lv denied* 96 NY2d 831 [2001]; *People v Muhammad*, 120 AD2d 937, 939 [1986]; *People v St. Clair*, 80 AD2d 691, 692 [1981], *affd* 54 NY2d 900 [1981]; *compare People v Nichols*, 250 AD2d 370, 370-371 [1998], *lv denied* 92 NY2d 881 [1998]). Accordingly, the motion to suppress should have been granted.

Mercure, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.