McCarthy, J.
Appeals from a judgment of the County Court of Ulster County (Williams, J.), rendered August 20, 2010, (1) upon a verdict convicting defendant of the crimes of burglary in the third degree, petit larceny and endangering the welfare of a child, and (2) convicting defendant upon his plea of guilty of the crime of making an apparently sworn false statement in the first degree.
Police officer Travis Nissen received a dispatch call regarding a suspicious black sport utility vehicle (hereinafter SUV) towing an empty trailer near a dirt access road leading to private property. Nissen responded to the area but did not see an SUV or any suspicious activity. Soon after he left, he received a call from another officer indicating that the black SUV was heading back to the main road near the access road with a loaded trailer. Nissen headed back in the direction of the access road. He observed a black SUV with a trailer full of chairs. The SUV was missing a front license plate and the trailer had no license plate. Nissen stopped the vehicle, which was driven by defendant and occupied by his teenaged son. Upon questioning, defendant could not produce a driver’s license or vehicle registration, denied being on the subject property, and stated that the chairs belonged to him and came from his property, but he could not explain why the vehicle and trailer were muddy and wet. Defendant agreed to go to the police station for questioning. Nissen drove him there in a police car.
At the station, a detective read defendant his Miranda rights, which defendant waived. After about 10 minutes of questioning, the detective went to the SUV observed the lack of a plate on the trailer, the missing front license plate on the SUV 36 chairs on the trailer, and dirt and mud on the SUV and trailer. The detective then went on the access road to the subject property, where he observed tire tracks that allegedly matched the tires on the trailer. Additionally, he observed fresh muddy footprints along a path and inside a building. That building also contained chairs that matched the ones on the trailer. Upon returning to the station, the detective asked defendant for his sneakers and defendant gave them to him.
In December 2008, defendant was charged in an indictment *1102 with burglary in the third degree, petit larceny and endangering the welfare of a child. In September 2009, he was charged in a separate indictment with making an apparently sworn false statement in the first degree and criminal mischief in the fourth degree. Following a hearing on defendant’s motion to suppress his statements and any physical evidence seized from him, County Court denied the motion. After a trial on the December 2008 indictment, a jury found him guilty of all counts. Defendant then pleaded guilty to making an apparently sworn false statement in the first degree in satisfaction of the September 2009 indictment, on the condition that his sentence run concurrently with his sentence on the other indictment. County Court imposed concurrent sentences of 21k to 7 years on the burglary conviction, 1V3 to 4 years for the conviction of making an apparently sworn false statement, and one year for each of the remaining convictions. Defendant appeals, arguing only that the court erred in denying his suppression motion.
We affirm. “Factual determinations of the suppression court are entitled to great weight and will not be overturned unless clearly contrary to the evidence, taking into consideration the court’s credibility determinations” (People v Muniz, 12 AD3d 937, 938 [2004] [citations omitted]; see People v Williams, 25 AD3d 927, 928 [2006], lv denied 6 NY3d 840 [2006]). Police may validly stop a vehicle based on probable cause that the driver committed a traffic violation, regardless of the officer’s underlying motivation or desire to conduct another investigation (see People v Robinson, 97 NY2d 341, 349-350 [2001]; People v Issac, 107 AD3d 1055, 1057 [2013]; People v Ross, 106 AD3d 1194, 1195 [2013], lv denied 22 NY3d 1090 [2014]). Here, Nissen had probable cause to believe that defendant committed a traffic violation due to the lack of license plates on the front of the SUV and on the trailer (see Vehicle and Traffic Law § 402 [1], [3]; People v Lightner, 56 AD3d 1274, 1274 [2008], lv dismissed 12 NY3d 760 [2009]). The otherwise lawful traffic stop was not rendered illegal merely because the officer did not ultimately issue defendant any traffic tickets (see People v Ross, 106 AD3d at 1195); traffic violations may seem inconsequential when the driver is later found to have been involved in more serious criminal activity. Nissen’s initial roadside questioning, which was investigatory in nature, did not need to be preceded by Miranda warnings because it was noncustodial (see People v Coffey, 107 AD3d 1047, 1050 [2013], lv denied 21 NY3d 1041 [2013]). Therefore, defendant’s statements in response to that questioning were admissible.
County Court found that defendant voluntarily agreed to ac *1103 company the police to the station. That finding is supported by the lack of handcuffs and defendant’s placement in an unsecured area once he arrived at the station. Additionally, defendant needed to be driven in a police vehicle because he did not produce a driver’s license that would permit him to drive himself. The detective testified that defendant waived his Miranda rights, and the People submitted a signed form indicating such waiver. Thus, defendant’s statements to the detective were admissible.
The police had probable cause to arrest defendant. The hearing record contains proof that defendant was seen driving the SUV with an empty trailer near the subject property, the SUV was not seen on the public road shortly thereafter, then the SUV was seen on the road again, but the trailer was loaded with chairs that matched ones located on the subject property. The muddy access road contained tire tracks that were similar to the trailer tires, the SUV and trailer were covered with mud, defendant’s clothes were muddy, and fresh muddy footprints were inside the building containing chairs similar to the ones loaded on the trailer. Defendant denied being on the subject property, and his story about the chairs was inconsistent with the evidence. As the police had probable cause to arrest defendant, they then had the authority to seize defendant’s sneakers incident to a lawful arrest (see People v Clinkscales, 83 AD3d 1109, 1110 [2011], lv denied 17 NY3d 815 [2011]; People v Kindred, 60 AD3d 1240, 1241 [2009], lv denied 12 NY3d 926 [2009]). Thus, County Court properly denied defendant’s suppression motion.
Peters, PJ., Stein and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.