People v Carey (2018 NY Slip Op 05376)





People v Carey


2018 NY Slip Op 05376


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

109136

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
FRANCIS CAREY, Appellant.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Carly Wolfram of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 10, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
On February 23, 2016, patrol officer Michael DeFrance stopped a vehicle after running the vehicle's license plate and learning that the vehicle's registration was suspended. DeFrance approached the driver's side of the vehicle, and, upon inquiry, the driver informed DeFrance that he did not have his driver's license. DeFrance then asked defendant, who was a passenger, for his identification. Defendant provided his state identification card, and, upon a computer search, DeFrance learned that
defendant was on parole. From his prior experience, DeFrance understood that parolees have curfew limits, and it was approximately 3:30 a.m. at the time of the stop.
By this point, another officer had joined DeFrance at the scene. When DeFrance returned to the stopped vehicle, he asked defendant to step out and then inquired why he was on parole, to which defendant responded, "sales." While speaking with defendant, DeFrance detected the odor of alcohol and asked defendant twice whether he had consumed alcohol that night. Both times defendant replied in the negative. It was then that DeFrance decided to conduct a protective pat frisk for his own safety, believing that defendant was breaching the terms and conditions of his parole by violating curfew and consuming alcohol. Defendant fully [*2]complied with DeFrance's instructions during the ensuing frisk. After DeFrance opened the backpack that defendant was wearing and found a small, zipped-up bag containing ammunition, he placed defendant in handcuffs "for safety." He then searched defendant's person and observed the handle of a handgun in defendant's front left pocket. DeFrance alerted the other officer of the handgun, retrieved it and handed it to her.
Defendant moved to suppress, among other things, the ammunition recovered from his backpack and the handgun. Following a hearing, County Court concluded, among other things, that the search of the backpack and seizure of the ammunition exceeded the permissible scope of a protective frisk, but that it was reasonable for DeFrance to frisk defendant's person out of concern for his safety. As such, the court denied suppression of the gun. Defendant thereafter pleaded guilty to the indictment and was sentenced to a prison term of 10 years, with five years of postrelease supervision. Defendant now appeals, challenging the partial denial of his suppression motion.
On appeal, defendant does not challenge DeFrance's right to stop and approach the vehicle, nor does he contest the propriety of DeFrance's request for identification or direction that he exit the vehicle. Rather, he contends that the pat frisk was unreasonable because no fact or circumstance supported a reasonable suspicion that he was armed or posed any threat to the officer's safety. An officer is authorized to conduct a protective pat frisk when he or she has "knowledge of some fact or circumstance that supports a reasonable suspicion that the suspect is armed or poses a threat to safety" (People v Batista, 88 NY2d 650, 654 [1996]; see People v Driscoll, 101 AD3d 1466, 1467 [2012]; People v Siler, 288 AD2d 625, 626 [2001], lv denied 97 NY2d 709 [2002]). County Court determined that the pat frisk was justified under the circumstances presented, and we agree.
A suspect's status as a parolee is a relevant factor to consider when evaluating the reasonableness of a particular search or seizure (see People v Huntley, 43 NY2d 175, 181 [1977]; People v Banks, 148 AD3d 1359, 1361 [2017]), particularly where, as here, the officer had reason to believe that defendant was then and there violating both the curfew and alcohol conditions of his parole. The hour was late and the driver was driving an unregistered vehicle without a license. Defendant's evasive, if not flippant, "sales" response as to why he was on parole, coupled with his repeated denial of alcohol use, heightened the volatility of the situation. Cumulatively, these factors validate County Court's conclusion that the officer had a reasonable basis to conduct the frisk to assure his own safety (see People v Batista, 88 NY2d at 654-655; compare People v Driscoll, 101 AD3d at 1467-1468).
Egan Jr., J.P., Mulvey and Pritzker, JJ., concur.




Aarons, J. (dissenting).


I respectfully dissent. In my view, the evidence from the suppression hearing does not support the conclusion that defendant was armed or posed a safety concern so as to justify a pat frisk. Accordingly, County Court should have granted that part of defendant's motion seeking suppression of the seized handgun.
"It has been long recognized that permitting police to take reasonable precautions for their safety is an essential corollary to the exercise of their powers and responsibilities, and that under certain circumstances a limited frisk for weapons is reasonable and constitutionally permissible" (People v Crawford, 256 AD2d 719, 720 [1998] [citations omitted], lvs denied 92 [*3]NY2d 1048, 1049, 1055 [1999]; see People v Siler, 288 AD2d 625, 626 [2001], lv denied 97 NY2d 709 [2002]). That said, "[a] suspect may not be frisked by a police officer who has no knowledge of facts that would provide a basis for suspecting that the individual is armed or dangerous" (People v Carney, 58 NY2d 51, 52 [1982]; see People v Sanchez, 38 NY2d 72, 74-75 [1975]; People v Driscoll, 101 AD3d 1466, 1467 [2012]). Determining whether a police officer had a reasonable belief that his or her safety or the safety of others was at risk involves the consideration of the particular facts and circumstances of each case (see People v Batista, 88 NY2d 650, 653-654 [1996]; People v Crawford, 256 AD2d at 720).
Patrol officer Michael DeFrance, the only witness who testified at the suppression hearing, stated that he pulled over a vehicle in the early morning after discovering that the vehicle's registration had been suspended. The driver did not have a license but provided DeFrance with his name and a registration. DeFrance then obtained the identification of defendant, who was sitting in the front passenger seat, and ran his name through a computer in his vehicle. As DeFrance was doing so, another officer arrived on the scene to provide assistance. DeFrance thereafter learned that defendant was on parole. DeFrance stated that he asked defendant to exit the vehicle and defendant complied. When DeFrance inquired of defendant as to why he was on parole, defendant responded, "sales, nothing more, nothing less." Defendant told DeFrance that he was coming from a friend's house and going to the diner. DeFrance testified that he detected an odor of alcohol coming from defendant and, when he asked defendant whether he had consumed any alcohol that night, defendant denied doing so. DeFrance asked defendant the same question again, and defendant responded in the negative. At that point, DeFrance advised defendant that, for his safety, he was going to "pat him down." DeFrance first searched the backpack that defendant had been wearing and found a small bag containing ammunition. While searching defendant's person, DeFrance observed the handle of a handgun in defendant's left front pocket. DeFrance removed the handgun and gave it to the other officer.
The foregoing does not evince circumstances indicating that defendant presented a safety risk to DeFrance or other members of the public. There was no evidence that defendant was combative with DeFrance or disregarded any of his instructions (see People v St. Clair, 80 AD2d 691, 692 [1981], affd 54 NY2d 900, 901 [1981]). Nor was there evidence that, prior to the frisk, DeFrance observed any bulges on defendant suggesting that defendant was carrying a weapon (see People v Powell, 246 AD2d 366, 369 [1998], appeal dismissed 92 NY2d 886 [1998]; compare People v Isaac, 107 AD3d 1055, 1058 [2013]). In addition, defendant did not make any furtive or suspicious movements or engage in any behavior suggesting that he posed a threat to DeFrance or anyone else (see People v Butler, 127 AD3d 623, 623-624 [2015]; compare People v Benjamin, 51 NY2d 267, 271 [1980]; People v Robinson, 278 AD2d 808, 808 [2000], lv denied 96 NY2d 787 [2001]).
Although defendant gave a limited response when DeFrance asked why he was on parole, there is nothing in the record indicating that DeFrance was unamused or felt threatened by the "sales" remark or that DeFrance was confused by what defendant meant inasmuch as DeFrance did not ask for further clarification. Furthermore, even accepting that defendant potentially broke his parole terms by being out late and denied drinking alcohol, notwithstanding the smell of alcohol coming from his person, these facts, whether viewed individually or collectively, did not create a volatile situation warranting a pat frisk of defendant. Given that defendant complied with DeFrance's instructions, another officer was present to assist DeFrance and the absence of evidence suggesting that defendant was a safety threat, DeFrance had no basis to conduct a pat frisk of defendant (see People v Russ, 61 NY2d 693, 695 [1984]; People v Driscoll, 101 AD3d at 1467; People v Gonzalez, 295 AD2d 183, 184 [2002]; People v Powell, [*4]246 AD2d at 369-370; People v Chinchillo, 120 AD2d 266, 269 [1986]; cf. People v Hackett, 47 AD3d 1122, 1124 [2008]; compare People v Muniz, 12 AD3d 937, 938-939 [2004]). As such, in my view, County Court should have suppressed the seized handgun.
ORDERED that the judgment is affirmed.