16-1487-ag
*Cesar v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

Present:     AMALYA L. KEARSE,
             DEBRA ANN LIVINGSTON,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

─────────────────────────────────

FRANTZ CESAR,

                  *Petitioner*,

        v.                                          16-1487-ag

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

                  *Respondent*.

─────────────────────────────────

For Petitioner:              EDMUND POLUBINSKI III (David B. Toscano and Matthew A. Weinberg, *on the brief*), Davis Polk & Wardwell, LLP, New York, NY

For Respondent:              JENNIFER A. BOWEN (Chad A. Readler, Joseph H. Hunt, Anthony C. Payne, Jessica D. Strokus, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Frantz Cesar was convicted under New York Penal Law ("NYPL") § 260.10(1) for endangering the welfare of a child after he released his pit bull during an argument and told the dog to "sic [the child]." C.A.R. 486. Removal proceedings were initiated against him based on that conviction. Cesar now petitions for review of the Board of Immigration Appeals' decision that NYPL § 260.10(1) qualifies as a "crime of child abuse" as defined in § 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(E)(i). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our recent holding in *Matthews v. Barr*, 927 F.3d 606 (2d Cir. 2019), fully resolves this appeal. There, Matthews was convicted under NYPL § 260.10(1) for endangering the welfare of a child by "repeatedly expos[ing] himself in public while intoxicated." *Id.* at 610–11. After the Department of Homeland Security initiated removal proceedings, Matthews argued that NYPL § 260.10(1) was not categorically a "crime of child abuse, neglect, or abandonment" and thus could not serve as a predicate for his removal. *Id.* at 614. We rejected that argument and held that NYPL § 260.10(1) is a categorical match to the INA's definition of a crime of child abuse, as interpreted by the BIA. *Id.* at 618–20. We further held that Matthews failed to demonstrate a realistic probability that NYPL § 260.10(1) is broader than the BIA's definition. *Id.* 620–23.

Cesar offers two distinctions between his case and *Matthews*. *First*, he argues that *Matthews* did not resolve whether the BIA's interpretation of the INA applies retroactively to his

conduct. *Second*, he contends that we failed to consider *People v. Weishaupt*, 118 A.D.3d 1100 (3d Dep't 2014), in deciding that there was no realistic probability that New York's child endangerment law was more expansive than federal immigration law.

As to his retroactivity argument, we recognized in *Matthews* that such an argument could be made, but that Matthews failed to do so. *Matthews*, 927 F.3d at 623 n.13. Cesar similarly did not raise the point until post-argument supplemental briefing. Accordingly, we decline to consider it. *See Bolmer v. Oliveira*, 594 F.3d 134, 145 (2d Cir. 2010) ("We decline to consider this argument as it was raised for the first time in Oliveira's reply brief.").

We also reject Cesar's contention that *Weishaupt* establishes a realistic probability that the statute encompasses conduct beyond the BIA's definition. *Weishaupt* solely reviewed a suppression motion, not an underlying conviction. *See* 118 A.D.3d at 1102–03. Moreover, the underlying child endangerment conviction in *Weishaupt* is akin to other conduct that we considered in *Matthews*. *Compare Weishaupt*, 118 A.D.3d at 1101 (defendant's teenage son was present in vehicle towing a trailer full of stolen chairs) *with Matthews*, 927 F.3d at 619–22 & n.10 (referencing, *inter alia*, New York cases involving the directing of vulgar, sexual remarks at a toddler and exposing children to narcotics, drug use, and drug paraphernalia). Thus, *Weishaupt* does not establish a realistic probability that New York applies NYPL § 260.10(1) to conduct beyond the scope of the BIA's definition.

We have considered Cesar's remaining arguments and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3