People v O'Toole (2025 NY Slip Op 03537)

People v O'Toole

2025 NY Slip Op 03537

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Ind. No. 4931/16|Appeal No. 4557|Case No. 2020-02165|

[*1]The People of the State of New York, Respondent,
v
Donald O'Toole, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Steven A. Levy of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression motion; Ellen Biben, J. at CPL 30.30 motion; Althea E.M. Drysdale, J. at trial and sentencing), rendered February 25, 2020, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to seven years of imprisonment, unanimously affirmed.
Defendant's suppression motion was properly denied. Within minutes of receiving a radio run of a reported shooting on the ninth floor of an apartment building, officers responded to the location, found defendant standing alone in the hallway, and smelled gunpowder. These circumstances, as defendant concedes, "provided, at least, a founded suspicion justifying a common-law inquiry" (People v Michimani, 115 AD3d 528, 529 [1st Dept 2014], lv denied 23 NY3d 1040 [2014]; see also People v Brown, 240 AD2d 163 [1st Dept 1997], lv denied 90 NY2d 1010 [1997]). Pursuant to his right to inquire, the arresting officer then approached defendant, without drawing his gun, and asked whether defendant lived in the building. In response to the officer's relatively innocuous question, defendant began exhibiting unusually nervous behavior, such as trembling, sweating (see People v Nichols, 250 AD2d 370, 370-371 [1st Dept 1998], lv denied 92 NY2d 881 [1998]), and repeatedly pressing the elevator button to leave the ninth floor (see People v Perez, 142 AD3d 410, 414-415 [1st Dept 2016], affd 31 NY3d 964 [2018]). At that point, the officer saw a bulge near defendant's waist area, which provided "reasonable suspicion" that defendant was "armed or dangerous" (People v Johnson, 40 NY3d 172, 176 [2023]) and "justified the officer's minimally intrusive safety precaution of grabbing the bulge"(People v Hunter, 178 AD3d 459, 460 [1st Dept 2019], lv denied 34 NY3d 1159 [2020]). When defendant slapped the officer's hands away and fled during the "ongoing, lawful level three stop," police were authorized to pursue him (People v Cleveland, — NY3d —, 2025 NY Slip Op 02144, *3 [2025]), and "[t]he subsequent recovery of a firearm . . . provided probable cause for his arrest" (Michimani, 115 AD3d at 529).
Defendant failed to preserve his challenge to the court's speedy trial decision on the ground that the People's off-calendar statement of readiness was illusory (see e.g. People v Allard, 28 NY3d 41, 46 [2016]; People v Torres, 205 AD3d 524, 525 [1st Dept 2022], lv denied 39 NY3d 942 [2022]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see e.g. People v Brown, 28 NY3d 392, 404 [2016]; People v Aguilar, 231 AD3d 454, 455 [1st Dept 2024], lv denied 43 NY3d 929 [2025]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025