THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER CHINCHILLO, Respondent.

Third Department, November 26, 1986

---

APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (John P. M. Wappett* of counsel), for appellant.

*Frank V. Bifera* for respondent.

## OPINION OF THE COURT

WEISS, J.

On this appeal, the dispositive question is whether County Court properly granted defendant's motion to suppress. A review of the suppression hearing minutes shows that the State Police maintained a surveillance at the Albany County Airport because of an anonymous telephone tip that one Andrew Walsh, for whose arrest a warrant had been issued, intended to fly to California. Walsh arrived accompanied by a white male of unknown identity, later identified as defendant. The officers testified that as Walsh and defendant approached the People Express Airlines ticket counter, the officers approached from behind and Walsh was quickly arrested.* Simultaneously, an officer came up behind defendant, grabbed his arms and placed them on the ticket counter. Upon acknowledging that he was with Walsh, defendant was patted down and a small film canister containing marihuana was found in the breast pocket of his jacket. At this point, defendant was placed under arrest and taken to the airport security office where a complete search of his person and his two duffel bags or knapsacks disclosed quantities of illegal drugs. After *Miranda* warnings were given, defendant was questioned. He denied knowledge of the contents of the knapsacks. Following his indictment on charges of criminal possession of a controlled substance in the second and fourth degrees, County Court, after a hearing, granted an order suppressing both the evidence seized and statements made. The People have appealed.

The US Constitution 4th Amendment and NY Constitution, article 1, § 12 both guarantee the right of an individual to be free from unreasonable searches and seizures. In the absence of a warrant, police traditionally require probable cause to stop and frisk an individual *(Florida v Royer,* 460 US 491, 498; *Dunaway v New York,* 442 US 200, 208). There are exceptions embodied by statute in this State (CPL 140.50 [1], [3]; *see,*

---

* We take note that while the witnesses for the defense and the People directly contradicted each other as to the confrontational events at the ticket counter, County Court essentially found both versions worthy of belief. Such a determination creates the anomalous result of leaving important factual questions unresolved. The dilemma posed, however, may be readily corrected, for even accepting the testimony of the prosecution witnesses, the stop and frisk in issue was constitutionally invalid.

*Terry v Ohio,* 392 US 1). To justify a forcible stop, a police officer must reasonably suspect that a person is committing, has committed or is about to commit a crime, and a frisk is warranted in such an instance only when the officer reasonably suspects that he is in danger of physical injury from the individual detained (CPL 140.50 [1], [3]; *People v De Bour,* 40 NY2d 210, 223; *People v Bond,* 116 AD2d 28, 30). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe criminal activity is at hand * * * To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion. Vague or unparticularized hunches will not suffice *(Terry* v. *Ohio,* 392 U.S. 1, *supra; Wong Sun* v. *United States,* 371 U.S. 471, 479)" *(People v Cantor,* 36 NY2d 106, 112-113). As the People correctly observe in their brief, our inquiry is whether the police action was justified in its inception and reasonably related in scope to the attendant circumstances *(supra,* at p 111).

These principles in mind, we agree with County Court that the record demonstrates that the police acted without reasonable suspicion and that the precipitate frisk to which defendant was subjected was constitutionally infirm. There is little question that when the officer initially grabbed defendant at the ticket counter, defendant had been "seized" *(see, Terry v Ohio, supra,* p 16). By their own account, however, the officers were not in any way familiar with defendant other than the observation that he had accompanied Walsh into the airport. Significant is the fact that defendant was seized before the inquiry was made as to whether he was Walsh's companion. Since this seizure cannot, as the People suggest, be validated under the common-law right to inquire *(see, People v Cantor, supra,* p 114), it was incumbent upon the People to identify some articulable basis by which the officers could reasonably suspect that defendant was engaged in criminal activity. Even accepting the account of events provided by the prosecution witnesses, there is nothing in the record to indicate that defendant was acting in a suspicious manner or that he did anything other than to stand at the counter next to Walsh. In their brief, the People concede that the only reason defendant was approached was his presence near Walsh, who was known to be involved in drug trafficking and considered dangerous. This inference of guilt by association was impermissible *(see, Ybarra v Illinois,* 444 US 85, 91; *People v Ballejo,* 114 AD2d

902, 904; *People v St. Clair,* 80 AD2d 691, 692). Moreover, there was no showing of any behavior on defendant's part which reasonably could have caused the officers to fear for their safety, nor were the police aware of any dangerous propensities attributable to him *(see, People v Russ,* 61 NY2d 693, 695). Even were we to assume that the officer observed the bulge in defendant's jacket pocket caused by the film canister, it is difficult to see how such an item, so located, would cause the officer to fear for his safety *(see, People v De Bour, supra,* p 221).

In sum, the mere presence of defendant in the airport with Walsh did not provide a reasonable basis to suspect criminal behavior on his part, nor pose any threat to the safety of the police officers such as to justify either the stop or the frisk. In the context of the police response to a tip from an anonymous caller, not about defendant, but about Walsh, we cannot say that the police actions were justified in their inception or their scope *(see, People v De Bour, supra,* p 222; *People v Bond,* 116 AD2d 28, *supra).* It follows that the subsequent searches were also illegal and the contraband seized and statements made were properly suppressed *(see, Wong Sun v United States,* 371 US 471, 486, 488, *supra; People v Bond, supra,* p 33).

MAHONEY, P. J., MAIN, MIKOLL and HARVEY, JJ., concur.

Order affirmed.