■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ROSARIO, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered September 28, 1988, convicting defendant, upon a jury verdict, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (People v Bleakley, 69 NY2d 490), we find that defendant's guilt was proven beyond a reasonable doubt. Defendant was positively identified as the person who had entered an apartment building with the victim and who left immediately after the victim screamed. The victim, who had been stabbed, followed the defendant out of the building, bleeding and holding her side. She pointed in defendant's direction and said "[s]top him. Call the cops" before collapsing.

The record amply supports the hearing court's determination that defendant's warrantless arrest on the street was based on probable cause. The arresting officer reasonably relied on a communication from another officer who possessed the requisite probable cause to arrest defendant based on reliable hearsay information and his own personal observations. (See, People v Bigelow, 66 NY2d 417; People v Johnson, 66 NY2d 398; People v Petralia, 62 NY2d 47, cert denied 469 US 852.)

Contrary to defendant's contention, the hearing court did not err in precluding him from calling the identifying witness at the Wade hearing since there is no absolute right to compulsory process at such hearings. As the Court of Appeals recently noted in People v Chipp (75 NY2d 327, 337), "as at trial, any right of compulsory process at a Wade hearing may be outweighed by countervailing policy concerns, properly within the discretion and control of the hearing Judge. To hold otherwise would, in our view, only encourage the misuse of Wade hearings. To accord every defendant an absolute right to call an identifying witness at a Wade hearing would enable defendants to harass identifying witnesses and to transform the hearing into a discovery proceeding neither authorized nor contemplated by the Legislature (see, People v Hodge, 53 NY2d 313, 318 * * *)."

We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.