■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL FACE, Appellant. [681 NYS2d 7] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered December 23, 1994, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 4½ to 9 years, unanimously affirmed.

Upon remittitur from this Court for a *Dunaway* hearing (247 AD2d 336), the trial court concluded that there was probable cause to pursue and arrest defendant, and we agree. The ar-

resting officer acted on reliable information from the observing undercover officer (*see, People v Rosario*, 162 AD2d 388, *affd* 78 NY2d 583, *cert denied* 502 US 1109) that defendant, rather than being an innocent bystander, had actually participated in the negotiations leading to the transaction (*cf., Matter of Nelson S.*, 196 AD2d 422). His immediate flight, when approached by police, merely intensified the latter's founded suspicion that defendant had been involved in criminal activity, and provided the necessary predicate for pursuit (*People v Sierra*, 83 NY2d 928).

Defendant has additionally challenged the closure of the courtroom during testimony by the undercover officers. That ruling was justified in light of the fact that both officers were still involved in high-risk undercover activities, at the time of trial, in the same neighborhood where this incident had taken place (*People v Pearson*, 82 NY2d 436). Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.