■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMEEK DEAN, Appellant. [900 NYS2d 395]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Jaeger, J.), rendered August 21, 2008, convicting him of identity theft in the first degree, identity theft in the second degree, grand larceny in the fourth degree, petit larceny, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Berkowitz, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and a new trial is ordered.

On January 12, 2008, at approximately 6:00 P.M., Police Officer Anthony Colon, stationed at the Roosevelt Field Shopping Mall in Garden City, responded to the Nordstrom Department Store on a call that a fraudulent credit card purchase had been made over a cellular phone. Officer Colon was informed by a Nordstrom loss prevention manager, Daniel Miller, that he had asked the caller to pick up the fraudulently purchased merchandise at the store. The caller indicated that while he could not pick up the items, he would be sending a woman, Tracey Carter, to do so. Miller gave Officer Colon the number of the cellular phone used to make the purchase. Once Carter arrived, Miller went to give her the items, while Officer Colon proceeded to his vehicle. Keeping in contact with Nordstrom personnel who were following Carter on camera, Officer Colon was directed to the exit where Carter was headed with shopping bags containing the stolen items. As Carter entered a blue Ford, Officer Colon blocked her vehicle with his own. While doing so, he observed three people in the vehicle passing the shopping bags back and forth and looking inside. Officer Colon's partner went to the driver's side of the vehicle, while Officer Colon, with his gun drawn, went to the passenger's side and told the front seat passenger, the defendant, to show his hands. After the driver was secured, Officer Colon removed the defendant from the vehicle, handcuffed him, and walked him down to the police station in the mall. Once at the station, the defendant asked Officer Colon to retrieve a cellular phone he had left in the vehicle. Officer Colon did so, dialed the number Miller had given him earlier, and the defendant's phone started to ring. A search of the defendant was then conducted, resulting in the seizure of three small bags of marijuana. The defendant moved, inter alia, to suppress the physical evidence, and the hearing court denied his motion. We reverse.

When Officer Colon blocked, with his own vehicle, the parked vehicle in which the defendant was an occupant, approached that vehicle with a gun drawn, directed the defendant to put his hands up, ordered him out of the car, and then handcuffed him, he was, at least, clearly seized, which required that the police possess reasonable suspicion (see People v Solano, 46 AD3d 1223, 1225 [2007]; People v Nicodemus, 247 AD2d 833, 835 [1998]; People v Finlayson, 76 AD2d 670, 676 [1980], cert denied 450 US 931 [1981]). However, the information the police possessed at the time of the seizure was insufficient to rise to the level of

reasonable suspicion. The police had not identified the male caller who made the fraudulent purchases. Although the police did have the number of the caller, they had not traced it to anyone. The police did not stop Carter after she picked up the stolen items in order to ask her any questions. Instead,. they allowed her to return to vehicle. At that point, the defendant was immediately seized without any inquiry having been made of him. Thus, the sole basis for seizing the defendant was that he had been traveling in the same car as Carter, was a male, and was observed inspecting the stolen items. However, "a person may not be stopped and frisked solely because he or she is in the company of an individual the police reasonably suspect" (*People v Terrell*, 185 AD2d 906, 907-908 [1992]; *see Matter of Nelson S.*, 196 AD2d 422, 425 [1993]), as an inference of guilt by association is not a permissible basis to support reasonable suspicion (*see People v Chinchillo*, 120 AD2d 266, 268 [1986]). The fact that the occupants of the vehicle passed the bags back and forth and looked inside was innocuous behavior (*see People v Layou*, 71 AD3d 1382 [2010]; *People v Stevenson*, 7 AD3d 820, 821 [2004]). Finally, there was nothing to indicate that the vehicle, which was parked in the mall parking lot and not turned on, was a getaway vehicle (*cf. United States v Riley*, 493 F3d 803, 809 [2007]). Accordingly, the hearing court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence (*see People v Otty*, 223 AD2d 364 [1996]; *Matter of Nelson S.*, 196 AD2d at 425; *People v Kinsella*, 139 AD2d 909 [1988]; *People v Chinchillo*, 120 AD2d at 268; *cf. United States v Holzman*, 871 F2d 1496, 1502-1503 [1989]). Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.