■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES MILES, Respondent. [918 NYS2d 594]—

The Supreme Court properly determined that the arresting officers lacked an objective, credible reason for approaching the stopped car in which the defendant was a passenger, identifying themselves as police officers, and shining at least one flashlight into the car (*see People v Ocasio*, 85 NY2d 982, 984 [1995]; *see also People v McIntosh*, 96 NY2d 521, 525 [2001]; *People v Holl-*

*man*, 79 NY2d 181, 194 [1992]). The officer who testified at the suppression hearing failed to articulate any reason for approaching the vehicle other than the car was parked outside a bar in an area where there had been "community complaints" of gang and drug activity, which, standing alone, did not constitute a sufficient basis for the officer to approach the vehicle and request information (*see People v McIntosh*, 96 NY2d at 526; *cf. People v Reyes*, 83 NY2d 945, 946 [1994], *cert denied* 513 US 991 [1994]). Accordingly, the physical evidence seized and the statements made by the defendant were properly suppressed, and upon reargument, the Supreme Court properly adhered to its original determination. Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.