■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT LARMOND, Respondent. [964 NYS2d 661]—

Appeal by the People from an order of the Supreme Court, Queens County (Paynter, J.), dated November 10, 2011, which granted that branch of the defendant's omnibus motion which was to suppress certain physical evidence and his statement to law enforcement officials.

Ordered that the order is affirmed.

The Supreme Court properly determined that the arresting officers lacked an objective, credible reason for approaching the defendant and two other men, who were standing on the street at 6:00 p.m., to ask them what they were doing (*see People v Hollman*, 79 NY2d 181, 184 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Miles*, 82 AD3d 1010, 1010-1011 [2011]). The officer who testified at the suppression hearing failed to articulate any reason for approaching the three men, other than that they were standing in the roadway on a dead-end street while talking and making unspecified hand gestures, and there was no evidence that the men were obstructing traffic. This, standing alone, did not constitute a sufficient basis for the officers to approach the men and request information (*see People v McIntosh*, 96 NY2d 521, 527 [2001]; *Matter of Michael F.*, 84 AD3d 468 [2011]; *People v Miles*, 82 AD3d at 1010-1011; cf. *People v Hollman*, 79 NY2d 181 [1992]; *People v De Bour*, 40 NY2d 210 [1976]; *People v Pearson*, 59 AD3d 743, 744 [2009]; *People v Moyaho*, 12 AD3d 692, 693 [2004]). Accordingly, the physical evidence seized and the statement made by the defendant were properly suppressed. Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.