■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMARI L. LAVISCOUNT, Appellant. [984 NYS2d 394]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 5, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings upon for review the denial, after a hearing (Aloise, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

According to the testimony of Police Officer Michael Ranolde, at 2:45 a.m. on November 7, 2008, the defendant was sitting in his car, which was parked legally, with a female passenger. Noticing the defendant's car, Ranolde drove his unmarked police car toward the defendant's car. As Ranolde was maneuvering his car to stop parallel to the defendant's vehicle, he saw the defendant move something from the dashboard and throw it below him. Ranolde and his partner then exited their vehicle and approached the defendant's car. Ranolde questioned the defendant, and while speaking to Ranolde, the defendant removed the gloves he was wearing and tossed them behind him. Ranolde used a flashlight to look into the car and did not notice anything illegal in the car.

Ranolde then asked the defendant and his passenger to step out of the car. Both were led to the back of the defendant's car, where Ranolde's partner watched them as Ranolde went to the police car to check the defendant's identification. When the defendant's passenger exited the car, she carried a black purse on her shoulder. After checking the defendant's identification, Ranolde returned to the back of the defendant's car, where he and his partner continued to question the defendant and his passenger. At one point, Ranolde looked at the purse using his flashlight and noticed the handle of a handgun. Ranolde grabbed the purse, confirmed that there was a gun inside it, and ordered the defendant and his passenger not to move. Upon seeing the gun, the defendant exclaimed that the gun was not his and ran away. He was apprehended nearby by another officer.

A subsequent search of the defendant's car resulted in the seizure of a glove, a ski mask, and sunglasses. In addition, the gun and a bullet were recovered from the purse. Prior to trial, the defendant moved, inter alia, to suppress the physical evi-

dence, and the motion was denied. We reverse and dismiss the indictment.

In *People v De Bour* (40 NY2d 210 [1976]), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity (*see People v Moore*, 6 NY3d 496, 498-499 [2006]). The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective credible reason, not necessarily indicative of criminality (*see People v De Bour*, 40 NY2d at 223; *People v Moore*, 6 NY3d at 498). The second level, known as the "common-law right of inquiry," requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion (*see People v Moore*, 6 NY3d at 498-499). The third level under De Bour permits a seizure, meaning that a police officer may forcibly stop and detain an individual. Such a seizure, however, is not permitted unless there is a "reasonable suspicion" that an individual is committing, has committed, or is about to commit a crime (*see People v De Bour*, 40 NY2d at 223; *see also People v Moore*, 6 NY3d at 499). Finally, the fourth level under *De Bour* authorizes an arrest based on probable cause to believe that a person has committed a crime (*see People v De Bour*, 40 NY2d at 223; *see also People v Moore*, 6 NY3d at 499).

"Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Cantor*, 36 NY2d 106, 112-113 [1975]). "To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion" (*id.* at 113). The defendant's later conduct "cannot validate an encounter that was not justified at its inception" (*People v Moore*, 6 NY3d at 498).

Here, that branch of the defendant's omnibus motion which was to suppress the physical evidence seized should have been granted, as Ranolde lacked an objective, credible reason for approaching the defendant's car and shining his flashlight into the car (*see People v McIntosh*, 96 NY2d 521, 525 [2001]; *People v Ocasio*, 85 NY2d 982, 984 [1995]; *People v Miles*, 82 AD3d 1010, 1010 [2011]). At the hearing, Ranolde failed to articulate any reason for approaching the defendant's car other than that the car was parked in the early morning in an area where cars usually were not parked, and that the defendant may have moved something from the dashboard and thrown it on the floor of his car. Neither reason was a sufficient basis for the offi-

cers to have approached the defendant's vehicle and requested information (*see People v Miles*, 82 AD3d at 1011; *People v Concepcion*, 216 AD2d 141, 142 [1995]; *People v Voliton*, 190 AD2d 764, 766 [1993], *affd* 83 NY2d 192 [1994]).

In any event, Ranolde's testimony did not support a finding that he had a reasonable suspicion that the defendant was committing, had committed, or was about to commit a crime (*see People v De Bour*, 40 NY2d at 223; *see also People v Sobotker*, 43 NY2d 559, 563 [1978]). Indeed, there was nothing to indicate that the defendant had violated any Vehicle and Traffic Law provision (*see People v Voliton*, 190 AD2d at 766). Additionally, Ranolde admitted that, after he initiated his inquiry, he looked into the defendant's car using a flashlight and noticed nothing illegal or out of the ordinary. The defendant's removal of something from the dashboard and his wearing of gloves were innocuous, and not indicative of criminality (*see People v Dean*, 73 AD3d 801, 803 [2010]; *People v Layou*, 71 AD3d 1382 [2010]). Accordingly, the hearing court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence (*see People v Dean*, 73 AD3d at 803). Without that evidence, there could not be sufficient evidence to prove the defendant's guilt, and the indictment must, therefore, be dismissed (*see People v Miranda-Hernandez*, 106 AD3d 838 [2013]; *People v Carmichael*, 92 AD3d 687 [2012]).

In light of our determination, we need not address the defendant's remaining contentions. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.