People v King (2018 NY Slip Op 05941)





People v King


2018 NY Slip Op 05941


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-05946
 (Ind. No. 6677/16)

[*1]The People of the State of New York, appellant,
v Dellon King, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for appellant.
The Legal Aid Society, New York, NY (Harold V. Ferguson, Jr., of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated March 24, 2017, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the order is reversed, on the law, and those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are denied.
The defendant was charged with criminal possession of a firearm and criminal possession of a weapon in the second, third, and fourth degrees. In his omnibus motion, the defendant sought, inter alia, to suppress a gun recovered from a backpack by the police, as well as statements he made to the police, as fruits of an unlawful seizure. After a hearing, the Supreme Court granted those branches of the defendant's omnibus motion. The People appeal.
There is no dispute that upon receiving a radio transmission of an anonymous tip that a man of a specific description wearing a black backpack and possessing a gun was traveling on the B6 bus toward Canarsie, the responding police officer had a common-law right of inquiry upon encountering the defendant exiting that bus and matching the description (see People v Moore, 6 NY3d 496, 498; People v Spencer, 84 NY2d 749, 753; People v Hollman, 79 NY2d 181, 184; People v Stewart, 41 NY2d 65, 69; People v Abdul-Mateen, 126 AD3d 986, 988; People v Larmond, 106 AD3d 934; People v Smith, 207 AD2d 759; cf. Florida v J.L., 529 US 266). The responding officer testified at the suppression hearing that he approached the defendant and asked something to the effect of, "Hey, what's up, man, you know, you got a second for the police?" The defendant's eyes widened, he appeared visibly nervous, and he started to back up. The defendant then thrust his right hand in his right pants pocket and refused to comply with the officer's command to remove it. These actions by the defendant escalated the encounter to justify the officer drawing his weapon, placing it across his own chest in a "depressed position," and attempting to forcibly remove the defendant's hand from his pocket as a self-protective measure (see People v Abdul-Mateen, 126 [*2]AD3d at 988; People v Wyatt, 14 AD3d 441, 441-442). Further, the defendant's subsequent flight, coupled with all of the other indicia of criminality, justified the police pursuit (see People v Moore, 6 NY3d at 500-501; People v Sierra, 83 NY2d 928, 929; People v Johnson, 207 AD2d 806) and, ultimately, the recovery of a semi-automatic handgun from the defendant's backpack, which he abandoned in a nearby bodega (see People v White, 153 AD3d 1369, 1370; People v Lewis, 137 AD3d 1057, 1057-1058; People v Coleman, 125 AD3d 879, 880).
Accordingly, the Supreme Court should have denied those branches of the defendant's omnibus motion which were to suppress the handgun and his subsequent statements to the police after his lawful arrest.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court